Shahram Samie, Bar No. 268025
ssamie@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile: 800.715.1330

Dana H. Hassan, Bar No. 321071
dhassan@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, California 92612
Telephone: 949.705.3000
Facsimile: 949.724.1201

Attorneys for Defendants
DEXIAN, LLC., DIGITAL
INTELLIGENCE SYSTEMS, LLC,
SIGNATURE COMMERCIAL
SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FERNANDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEXIAN, LLC., Delaware Limited Liability Company; DIGITAL INTELLIGENCE SYTEMS, LLC., a Delaware Limited Liability Company; SIGNATURE COMMERCIAL SOLUTIONS, LLC., a Florida Limited Liability Company; SOUTHERN CALIFORNIA EDISON COMPANY, a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No. 26-cv-1076<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Trial Date: TBD<br>Los Angeles County Superior Court<br>Complaint Filed: November 18, 2025 |

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF JOSE FERNANDEZ, AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants DEXIAN, LLC., DIGITAL INTELLIGENCE SYSTEMS, LLC, AND SIGNATURE COMMERCIAL SOLUTIONS, LLC, ("Defendants") hereby remove the above-captioned action from the Superior Court for the State of California, in and for the County of Los Angeles to the United States District Court, Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, based on the original jurisdiction of this Court under 28 U.S.C. § 1332(a). Defendants will also file a copy of this Notice of Removal with the Los Angeles Superior Court. Defendants make the following allegations in support of their Notice of Removal:

## I.    JURISDICTION

This Court has original jurisdiction over this action pursuant to the diversity of citizenship statute, which grants federal district courts authority over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See* 28 U.S.C. § 1332(a).) As detailed below, this matter satisfies all statutory requirements for removal based on diversity jurisdiction, and the filing of this Notice renders removal both timely and proper. (*See* 28 U.S.C. §§ 1332, 1441, and 1446.)

## II.   VENUE

Plaintiff JOSE FERNANDEZ ("Plaintiff") filed this action in the Superior Court for the State of California, County of Los Angeles. Venue is proper in this Court because this is the District Court of the district and division embracing the place where the action is pending in the state court.  (*See* 28 U.S.C. §§ 84(c), 1391, and 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending…").)

## III.  PROCEDURAL BACKGROUND

Plaintiff filed this action against Defendants on November 18, 2025, in the Superior

---

1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

Court of California, County of Los Angeles, in a case entitled *Jose Fernandez v. Dexian, LLC, et al,* Case No. 25STCV33735, asserting the following employment-related claims: (1) Interference with and Violations of the California Family Rights Act Government Code § 12945.2 et seq.; (2) Retaliation in Violation of California Government Code § 12940, et seq. and § 12945.2, et seq.; (3) Discrimination in Violation of California Government Code § 12940 et seq.; (4) Hostile Work Environment and Harassment in Violation of California Government Code § 12940, et seq.; (5) Retaliation in Violation of California Labor Code § 1102.5; Wrongful Termination in Violation of Public Policy; (6) Failure To Pay Wages (California Labor Code §§ 1194, 201-204); and (7) Failure to Pay Wages Upon Termination (California Labor Code §§ 201, 202, 203, & 227.3). (Declaration of Dana Hassan "Hassan Decl.", ¶ 2, Exh. A.) Defendants deny all allegations and claims asserted in the Complaint.

On November 25, 2025, the Court issued an Order to Show Cause re Failure to File Proof of Service. (Hassan Decl., ¶ 9, Exh. H.)

On November 26, 2025, Plaintiff served Defendant Southern California Edison Company ("SCE") by substitute service with the summons, Complaint, Alternative Dispute Resolution package, Civil Case Cover Sheet, Civil Case Coversheet Addendum, Notice of Case Management Conference and Notice of Case Assignment. Plaintiff thereafter mailed the documents on December 1, 2025. (Hassan Decl., ¶ 3, Exh. B.) On December 1, 2025, Plaintiff filed a Proof of Service by Substitute Service as to SCE. (Hassan Decl. ¶ 4, Exh. C.)

Defendants Digital Intelligence Systems, LLC ("DIS"), Signature Commercial Solutions, LLC ("SCS"), and Dexian, LLC ("Dexian"), accepted service by Notice and Acknowledgement on January 2, 2026. On January 2, 2026, Plaintiff filed the Notice and Acknowledge of Receipt as to Dexian, LLC, the Notice and Acknowledge of Receipt as to Digital Intelligence Systems, LLC and the Notice and Acknowledge of Receipt as to Signature Commercial Solutions, LLC. (Hassan Decl., ¶¶ 5-7, Exhs. D-F.)

Defendants DIS, SCS, and Dexian (along with sham defendant SCE) timely filed

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

their Answer to Plaintiff's Complaint on January 27, 2026. (Hassan Decl., ¶ 8, Exh. G.) As far as Defendants are aware, no further process, proceedings, or orders related to this case have been filed or issue from the Superior Court for the State of California, County of Los Angeles, nor has any party served any pleadings other than as described above.

Plaintiff's Complaint names as defendants "Does 1 through 10." Defendants are informed and believe, and on that basis alleges, that none of the fictitiously named defendants have been identified or served with a copy of the Summons and Complaint. Therefore, the fictitiously named defendants are not parties to this action, they do not need to consent to removal, and they must be disregarded for purposes of this removal analysis. (28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).)

Exhibits A through H attached to the Declaration of Dana Hassan and filed concurrently herewith satisfy the requirements of 28 U.S.C. § 1446(a) because they constitute all process, proceedings, and/or orders either served upon, or filed by, Defendants in this action.

## IV.    TIMELINESS OF REMOVAL

A notice of removal in a civil action must be filed within 30 days after service of the summons and complaint, and within one year from the commencement of the state court action. (28 U.S.C. § 1446(b), (c); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint).)

Defendants DIS, SCS, and Dexian accepted service by Notice and Acknowledgement on January 2, 2026. (Hassan Decl., ¶¶ 5-7, Exhs. D-F.) Pursuant to California Code of Civil Procedure section 415.30(c), service is deemed complete on the date the acknowledgment is executed. Given that the Complaint was served on January 2, 2026, the 30-day period under 28 U.S.C. section 1446(b) would fall on February 1, 2026. Pursuant to Federal Rule of Civil Procedure section 6(a), since February 1, 2026, falls on a Sunday, the deadline to remove extends to Monday, February 2, 2026. This Notice of

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

3

Removal is therefore timely as it was filed by February 2, 2026, and within one year from the commencement of the state court action.

## V. REMOVAL JURISDICTION BASED ON DIVERSITY

In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, e.g., Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. (*See* 28 U.S.C. § 1332(a); *see also Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (diversity is assessed and must exist at the time of: (a) filing of the Complaint; and (b) removal).)

Under 28 U.S.C. § 1446(a), a notice of removal need only contain "a short and plain statement of the grounds for removal." (*Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014).) If a complaint fails to state the amount in controversy, the defendant's Notice need only plausibly allege that the amount in controversy exceeds $75,000; evidentiary submissions are not required. (*See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *see also Arias v. Residence Inn by Marriott,* 936 F.3d 920, 925 (9th Cir. 2019) (removing defendant may rely on "a chain of reasoning that includes assumptions" based on allegations in the complaint).)

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), 1441(a) because both requirements are satisfied; the parties to this action are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

### A. Complete Diversity of Citizenship Exists

#### 1. Plaintiff is a Citizen of the State of California

For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled, *i.e.*, the place she resides with the intention to remain or return. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).) For removal purposes,

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected." (*Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).)

Allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. (*See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "*prima facie*" case of domicile); *Sadeh v. Safeco Ins. Co.*, No. CV12-03117 SJO(PLAx), 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (residence is prima facie evidence of one's domicile); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Marroquin v. Wells Fargo, LLC*, Civil No. 11cv163–L (BLM), 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011) (a person's residence is *prima facie* his domicile).)

In his Complaint, Plaintiff alleges that "[he] is a resident of the State of California." He further alleges that "[he] was employed by Defendants in the State of California in the County of Los Angeles." (Hassan Decl., Exh. A, ¶ 1.) Furthermore, upon information and belief, at the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California. (Declaration of Ryan Duckwitz ("Duckwitz Decl."), ¶4; *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) [a party may allege citizenship on information and belief.].)

**2.  Defendant Southern California Edison Company is Fraudulently Joined and its Citizenship Must Be Disregarded as a Sham Defendant**

Defendant Southern California Edison Company ("SCE") is not a proper party to this lawsuit and for purposes of evaluating diversity between the parties his citizenship must be disregarded. Specifically, a non-diverse party named in the state court action should be disregarded if the federal court determines that party's joinder is "fraudulent,"

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

or a "sham," such that no viable cause of action has been stated against that party. (*Farias v. Bexar County Bd. of Tr. For Mental Health*, 925 F.2d 886, 871 (5th Cir. 1991). Joinder is fraudulent "if there is no real intention to get a joint judgment, and . . . there is no colorable ground for so claiming." (*AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (citations, quotations, and alterations omitted); *see also McCabe v. General Foods Corp.*, 811 F2d 1336, 1339 (9th Cir. 1987).)

In determining whether a party is "fraudulently" joined, courts may consider the allegations of the complaint and facts presented by the defendant in its notice of removal. (*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).) If there is no possibility that the state court would recognize a valid cause of action against the non-diverse defendant, then that defendant has been fraudulently joined and must be ignored for purposes of assessing diversity jurisdiction. (*See, e.g.*, id. at 1318-19; *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995).)

Plaintiff's Complaint asserts each cause of action against "all Defendants," but alleges no specific facts supporting any claims against SCE. The absence of specific facts relating to Plaintiff's employer is telling, because the undisputed facts establish that SCE had no employment or other legally relevant relationship with Plaintiff. Instead, Plaintiff's work arose entirely from its relationship with Dexian, a staffing agency that places information technology professionals, such as Plaintiff, on short-term assignments with its clients. Dexian never assigned Plaintiff to work on any projects for SCE. (Duckwitz Decl., ¶¶ 6-7.) Rather, it placed Plaintiff with one of its clients, and Plaintiff worked for that client on that project *with* SCE. (Duckwitz Decl., ¶ 8.) During that assignment, Plaintiff was managed and supervised by employees of Dexian, not by any SCE employee. (Duckwitz Decl., ¶ 8; Declaration of Jose Ferrufino ("Ferrufino Decl.") ¶ 3.)

SCE did not function as Plaintiff's employer in any legally meaningful sense, as it exercised no control over the terms and conditions of Plaintiff's work and played no role in his hiring, compensation, discipline, or ultimate termination. Instead, Dexian recruited and placed Plaintiff on assignment, paid his wages, and retained responsibility for the terms

6

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

and conditions of his employment. (*See* Duckwitz Decl., ¶¶ 8-9.) The same is true of the day-to-day incidents of employment: SCE did not process Plaintiff's payroll, did not receive or process his PTO requests, nor did it address any performance issues or written warnings. (*See* Duckwitz Decl., ¶¶ 8-9; Ferrufino Decl. ¶ 3.) Southern California Edison did not record Mr. Fernandez's time worked and did not exercise control over the terms and conditions of Mr. Fernandez's work. (Ferrufino Decl. ¶ 3). Southern California Edison played no role in his hiring, compensation, discipline, or ultimate termination. Ferrufino Decl. ¶ 3. These facts are significant not as administrative details, but because they demonstrate that SCE possessed and exercised absolutely no right to control Plaintiff's terms and conditions of Plaintiff's employment.

Given that Plaintiff's employment claims against SCE require, at a minimum, some conceivable employment relationship or right to control the plaintiff's work, and pursuant to the foregoing facts, there is no possibility that Plaintiff can state a viable claim against SCE. The record instead demonstrates that SCE was named solely to attempt to defeat diversity. SCE is therefore a sham defendant, and its California citizenship must be disregarded in determining whether this Court has jurisdiction.

### 3. Defendants Digital Intelligence Systems, LLC, Dexian, LLC, and Signature Commercial Solutions, LLC are <u>Not</u> Citizens of the State of California

For purposes of 28 U.S.C. § 1332(c)(1), a limited liability company's citizenship is determined by the citizenship of each member or owner of the company. (*See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").) Further, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. (*See* 28 U.S.C. § 1332(c)(1).) As clarified by the *United States Supreme Court in Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010), "the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's

7

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

activities." This is often referred to as the corporation's "nerve center," which will typically be found at its corporate headquarters. (*Id.* at 80-81.)

Also for purposes of diversity jurisdiction, a trust has the citizenship of its trustee or trustees. (*See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980).)

Digital Intelligence Systems, LLC ("DIS") merged with Signature Commercial Solutions, LLC ("SCS"), and the merged entity was named Dexian, LLC on or about December 31, 2024. (Declaration of Alex Baldwin ("Baldwin Decl."), ¶ 2.) Dexian, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Virginia. (Baldwin Decl., ¶ 3.) Its sole member is Dexian Holdings, LLC. (Baldwin Decl., ¶ 3.). Dexian Holdings, LLC is a limited liability company with two members: (1) M.A. Holdings Corporation and (2) Inspira Financial Trust, LLC for the benefit of Aman Kumar. (Baldwin Decl., ¶ 3.) M.A. Holdings Corporation is incorporated in and has its principal place of business in the State of Virginia. (Baldwin Decl., ¶ 3.) Inspira Financial Trust, LLC was organized under the laws of the State of Illinois and has its principal place of business is in the State of Illinois. (Baldwin Decl., ¶ 3.) Additionally, Plaintiff's Complaint alleges that Dexian is a "Delaware Limited Liability Company." (*See* Hassan Decl., Exh. A.) Therefore, Defendant Dexian was a citizen of Delaware, Virginia, and Illinois at the time the action was filed in state court and is still citizens of Delaware, Virginia, and Illinois.

Plaintiff's Complaint also names as defendants "Does 1-10, inclusive." (Hassan Decl., Exh. A, ¶ 3.) However, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Further, to Defendant's knowledge, no fictitious defendant has been served; thus, none need to join in the Notice of Removal. (*See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves"); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).)

In summary, Defendants are citizens of the States of Delaware, Virginia, and Illinois,

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

8

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

whereas Plaintiff is a citizen of the State of California. Therefore, complete diversity of citizenship exists under 28 U.S.C. § 1332(a), thereby satisfying the first requirement of diversity jurisdiction.

### B. The Amount in Controversy Exceeds $75,000

Defendants need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum of $75,000 exclusive of interests and costs. (*Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996).) Defendants need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" (*Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014).) Where a plaintiff specifically alleges an amount in controversy, such allegations are accepted if made in good faith. (*Id.*) To the extent not specifically alleged, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." (*Id.*) Additionally, "[t]he district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (*Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).)

### 1. Lost Wages

For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).) The ultimate inquiry is the amount the Complaint puts "in controversy," and not how much, if anything, Defendant will actually owe. (*Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).)

The Complaint seeks recovery of economic losses, alleging that as a result of Defendant's conduct she sustained special damages including the loss of earnings. (Hassan Decl., Exh. A, Prayer for Relief.) Plaintiff further alleges that Defendant failed to pay timely earned wages, and overtime. (Hassan Decl., Exh. A, ¶¶ 96, 100.) Although Defendants deny Plaintiff's entitlement to recover any damages, Should he prevail on his

9

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

legal claims for wrongful termination, he potentially could recover lost wages and other compensation through the date of trial, including any benefits or pay increases. (*See Wise v. S. Pac. Co.*, 1 Cal.3d 600, 607 (1970).)

Here, Plaintiff's employment ended in July 2024. (Duckwitz Decl., ¶ 5.) At the time of his termination, Plaintiff was a full-time employee, working approximately 40 hours or week, and earning $27 per hour. (Duckwitz Decl., ¶ 5.) At that rate, Plaintiff earned approximately $56,160 annually. Assuming a case disposition timeline of 18 months from the date of removal, lost wages would accrue from his termination on July 25, 2024 to August 2, 2027 (3 years and 9 days). Plaintiff's claim for lost wages would therefore total $170,177 (3 years, 9 days x $56,160).

Plaintiff also seeks lost future wages.  Assuming a conservative award of three years of future lost wages, Plaintiff's award for future lost wages would be $168,480.

Plaintiff's wage-based damages alone therefore amount to at least **$338,657**, well in excess of the $75,000 jurisdictional threshold.

### 2.   Emotional Distress

Defendants deny that Plaintiff is entitled to any emotional distress damages, but they are properly considered in the amount in controversy. (*See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Plata v. Target Corp.,* 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016).) Emotional distress awards in discrimination cases may be substantial. (*See Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"). *See also Ko v. The Square Grp. LLC,* JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. Ct. 2014) (awarding $125,000 for pain and suffering in a FEHA discrimination case); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (collecting cases).)

In *Kroske*, the Ninth Circuit affirmed the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. *See Plata,* 2016 WL 6237798, *3 (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses).)

Based on the conservative estimate from *Kroske* and the foregoing jury verdicts, a conservative estimate of the emotional distress damages at issue here is at least **$25,000.00**.

### 3.    Punitive Damages

Plaintiff also seeks recovery for punitive damages. (Hassan Decl., Exh. A, Prayer for Relief.) While Defendants deny that Plaintiff is entitled to punitive damages, they are also properly included in the amount in controversy.  (*Davenport v. Mut. Benefit Health and Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963); *Plata*, 2016 WL 6237798, *3.) Punitive damages awards in discrimination cases may be significant. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. (*Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).) Awards of four times the amount of compensatory damages have been found to comport with due process and, absent other factors, are otherwise affirmed. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003).

Using a conservative estimate of punitive damages equal to twice Plaintiff's emotional distress damages, the punitive damages in this case add an additional **$50,000.00** to the amount in controversy.

### 4.    Attorneys' Fees

Plaintiff also seeks attorneys' fees. (Hassan Decl., Exh. A, Prayer for Relief.) Attorneys' fees are also properly included in the amount in controversy calculation. (*Kroske*, 432 F.3d at 980; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").) Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. (*Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785, 795 (9th Cir. 2018).) As such, while Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. (*Simmons*, 209 F. Supp. 2d at 1035 (noting that "attorneys' fees in individual discrimination cases often exceed the damages").)

"Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case] may reasonably be expected to equal at least $50,000 (100 hours x $500 per hour)." (*Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015) (citations omitted).) Attorneys' fees much larger than that are regularly upheld in FEHA cases. (*See, e.g., Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming award of $724,380 in attorneys' fees in FEHA case).)

Using the conservative estimate of attorneys' fees from *Sasso*, potential attorneys' fees in this case add at least an additional **$50,000.00** to the amount in controversy.

### 5.    Summary of Amount in Controversy

Defendants wholly deny that Plaintiff is entitled to any damages in this case. However, when the relief available to Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs, even when using very conservative estimates:

| | |
|---|---|
| Lost Earnings | $338,657 |
| Emotional Distress | $25,000 |
| Punitive Damages | $50,000 |

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

| Attorneys' Fees | $50,000 |
|---|---|
| **Total Amount in Controversy** | **$463,657** |

In summary, although Defendant does not in any way concede Plaintiff's claims have merit, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them, when the relief sought by Plaintiff is taken as a whole, the amount in controversy more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs, confirming this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the civil action filed in the Superior Court of California, Los Angeles County may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441(a).

## VI.    NOTICE TO PLAINTIFF AND STATE COURT

Contemporaneously with the filing of this Notice of Removal, written notice of such filing will be given by the undersigned to counsel for Plaintiff. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

## VII.    CONCLUSION

For the reasons provided herein, Defendants hereby remove this action from the California Superior Court, in and for the County of Los Angeles, to the United States District Court, Central District of California.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Dated:  February 2, 2026

LITTLER MENDELSON, P.C.

Shahram Samie
Dana H. Hassan

Attorneys for Defendants
DEXIAN, LLC., DIGITAL
INTELLIGENCE SYSTEMS, LLC,
SIGNATURE COMMERCIAL
SOLUTIONS, LLC

4928-3425-3449.5 / 077917.1038

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

14

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT